1  Aaron L. Renfro Bar No. 255086
      arenfro@calljensen.com
2  L. Lisa Sandoval, Bar No. 310380
      lsandoval@calljensen.com
3  CALL & JENSEN
   A Professional Corporation
4  610 Newport Center Drive, Suite 700
   Newport Beach, CA  92660
5  Tel:   (949) 717-3000

6  Vishal H. Patel (*pro hac vice* application to be submitted)
      vpatel@coleschotz.com
7  Rajkumar Vinnakota (*pro hac vice* application to be submitted)
      kvinnakota@coleschotz.com
8  Arjun Nair (*pro hac vice* application to be submitted)
      anair@coleschotz.com
9  COLE SCHOTZ P.C.
   901 Main Street, Suite 4120
10 Dallas, Texas 75202
   Tel: (469) 557-9390
11 Fax: (469) 533-1587

12 Jeffrey M. Saltman (*pro hac vice* application to be submitted)
      jsaltman@coleschotz.com
13 William E. Zapf (*pro hac vice* application to be submitted)
      wzapf@coleschotz.com
14 COLE SCHOTZ P.C.
   1875 K St. NW, Suite 475
15 Washington, DC 20006
   Tel: (202) 221-7500
16 Fax: (202) 478-0945

17 Attorneys for Plaintiff IDRIVE INC.

18                **UNITED STATES DISTRICT COURT**

19                **CENTRAL DISTRICT OF CALIFORNIA**

20

21 | IDRIVE INC., a California corporation, | Case No. |

22 |                   Plaintiff,           | **COMPLAINT FOR PATENT** |

23 |                   vs.                   | **INFRINGEMENT** |

24 | MICROSOFT CORPORATION, a                | **DEMAND FOR JURY TRIAL** |
   | Washington corporation,                 |

25 |                   Defendant.            | Complaint Filed:  February 13, 2026 |

26 |                                          | Trial Date:       None Set |

27

28

Plaintiff IDrive Inc. ("IDrive" or "Plaintiff"), by its undersigned attorneys, demands a trial by jury, pursuant to Fed. R. Civ. P. 38, on all issues so triable and brings this action against Microsoft Corporation ("Microsoft" or "Defendant"). It alleges as follows:

<u>**PARTIES**</u>

1.     IDrive Inc. is a corporation organized under the laws of the State of California with its principal place of business at 26115 Mureau Road, Suite A, Calabasas, California 91302.

2.     Microsoft Corporation is a corporation organized under the laws of the State of Washington with its principal place of business at One Microsoft Way, Redmond, Washington 98052. On information and belief, Microsoft conducts business, either directly or indirectly, through its agents on an ongoing basis in this Judicial District and elsewhere in the United States and has a regular and established place of business in this Judicial District, as described below. Also as described below, Microsoft has committed acts of infringement in this Judicial District. Microsoft's business includes, but is not limited to, marketing of Microsoft branded products, including Microsoft's OneDrive cloud storage service. Microsoft may be served through its registered agent, CSC – Lawyers Operating Service located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

3.     On information and belief, Microsoft has been registered to do business in the State of California since at least October 29, 1993, under California corporation identification number 1868807.

<u>**JURISDICTION AND VENUE**</u>

4.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    Microsoft is subject to this Court's specific and personal jurisdiction due to its substantial business in this forum.

7.    This Court also has personal jurisdiction over Microsoft under California's long-arm statute because it has sufficient contacts with the State of California such that the exercise of jurisdiction would be reasonable, and the claims in the immediate action arise out of those contacts.

8.    Microsoft maintains a substantial operational presence within the State of California, including two offices within this Judicial District:

- 13031 W. Jefferson Blvd., Suite 200, Playa Vista, CA 90094



*See, e.g.*, https://download.microsoft.com/download/6/E/D/6ED449F0-BF1C-4926-81A5-A0E2D86AC14B/US%20City%20LosAngeles.pdf

- 3 Park Plaza, Suite 1600, Irvine, CA 92614



*See, e.g.*, https://download.microsoft.com/download/6/E/D/6ED449F0-BF1C-4926-81A5-A0E2D86AC14B/US%20City%20Irvine.pdf

9.     Microsoft conducts substantial business in California, including selling and distributing goods (including the accused product) to residents of California. Microsoft derives substantial revenue from those sales and distribution.

10.    Microsoft is also registered with the California Secretary of State under identity number 1868807, thereby allowing Microsoft to transact business in California.

11.    For example, Microsoft offers OneDrive to its customers through a subscription program and is available through Microsoft's website at https://www.microsoft.com/en-us/microsoft-365/onedrive/online-cloud-storage.    On information and belief, Microsoft has OneDrive customers in this Judicial District.

12.    On information and belief, to conduct business, Microsoft employs a number of individuals within this Judicial District, including individuals responsible for managing, developing, and/or maintaining the accused product in this case. For example, Microsoft invites individuals to apply for open positions through its website. Among these ads are openings for employment at Microsoft's locations in Los Angeles and Aliso Viejo, California. For example, Microsoft has multiple job openings for Principal Hardware Engineers based in Aliso Viejo, California, to join the Cloud Hardware Systems Engineering (CHSE) team within Microsoft's Silicon, Cloud Hardware, and Infrastructure Engineering (SCHIE) team. *See, e.g.*, https://apply.careers.microsoft.com/careers?start=0&location=United+States%2C+California%2C+Los+Angeles&pid=1970393556657878&sort_by=distance&filter_distance=160&filter_include_remote=1; https://apply.careers.microsoft.com/careers?start=0&location=United+States%2C+California%2C+Los+Angeles&pid=1970393556657506&sort_by=distance&filter_distance=160&filter_include_remote=1. That team's responsibility is to "deliver[] the core infrastructure and foundational technologies for Microsoft's over 200 online businesses

including Bing, MSN, Office 365, Xbox Live, Teams, **OneDrive**, and the Microsoft Azure platform globally with our server and data center infrastructure, security and compliance, operations, globalization, and manageability solutions." *Id.* (emphasis added). The advertisements are specifically directed to engineers who will "manage and optimize the Cloud infrastructure" that is accused in this Complaint.

13.    Microsoft also leverages "store-within-a-store" concepts at Best Buy retail locations in this Judicial District to sell or offer for sale products or services relating to Microsoft OneDrive within "Windows Store only at Best Buy" storefronts. *See, e.g.,* https://news.microsoft.com/source/2013/06/13/microsoft-and-best-buy-announce-the-windows-store-only-at-best-buy-2/. On information and belief, and as set forth in further detail below, OneDrive infringes at least one claim from each of the patents-in-suit. Microsoft controls, owns, operates, or manages at least three "Windows" stores within Best Buy retail locations in this District that advertise or sell the Accused OneDrive product:

- 11301 W. Pico Blvd., Los Angeles CA 90064



*See, e.g.,* https://stores.bestbuy.com/ca/los-angeles/11301-w-pico-blvd-109.html





- 16171 Lake Forest Dr., Irvine, CA 92618

*See, e.g.,* https://stores.bestbuy.com/ca/irvine/16171-lake-forest-dr-854.html

- 1501 N. Victory Pl., Burbank, CA 91502

1    *See, e.g.*, https://stores.bestbuy.com/ca/burbank/1501-n-victory-pl-137.html

2    14.    At least in part through the retail centers described above, Microsoft's

3    customers located in this State and Judicial District have purchased, accessed, used, and

4    continue to use the accused Microsoft OneDrive product while located within this State

5    and Judicial District.

6    15.    On information and belief, Microsoft stores at least some data from the

7    accused OneDrive product in its Azure storage infrastructure. *See, e.g.*,

8    https://learn.microsoft.com/en-us/microsoft-365/enterprise/m365-dr-workload-

9    spo?view=o365-worldwide. Microsoft maintains at least two Azure Front Door point of

10   presence locations in this Judicial District. *See, e.g.,* https://learn.microsoft.com/en-

11   us/azure/frontdoor/edge-locations-by-region.

12   16.    The above contacts are deliberate and intentional conduct on Microsoft's part

13   to avail itself of the services, benefits, and residents of the State of California and this

14   Judicial District. IDrive's claims against Microsoft arise in part from these contacts.

15   17.    Additionally, on information and belief, Microsoft has recently litigated cases

16   in this Judicial District where it did not contest personal jurisdiction and/or venue,

17   including *Microsoft Corp. v. MediaPointe, Inc. et al.*, No. 2:22-cv-01009 (C.D. Cal.);

18   *Avatier IP, LLC v. Microsoft Corp.*, 2:25-cv-03640 (C.D. Cal.); *Haptix Solutions, LLC

19   v. Microsoft Corp.*, No. 8:24-cv-00428 (C.D. Cal.); and *XI Discovery, Inc. v. Microsoft

20   Corp.*, No. 8:23-cv-02415 (C.D. Cal.).

21                                    **ASSERTED PATENTS**

22   18.    IDrive is the owner and the assignee of U.S. Patent No. 8,620,957 (the "'957

23   Patent"), entitled "Storing and Accessing Data Using a Shell Interface." IDrive has

24   ownership of all substantial rights in the '957 Patent, including the right to exclude

25   others and to enforce, sue, and recover damages for past and future infringement. A true

26   and correct copy of the '957 Patent is attached as **Exhibit A**. Claim 1 is a representative

27   example of the claims asserted in the '957 Patent.

28

19. Claim 1 of the '957 Patent reads as follows:

A method comprising:

- providing a web-based data store, wherein the web-based data store comprises at least one database of commonly stored data, each database containing different categories of files;
- providing a shell interface for transmitting data between a client computing device and the web-based data store;
- configuring the shell interface to resemble a folder/file interface such that the shell interface is displayed as a local folder/file system of the operating system on the client computing device;
- allowing a connection to be established between the web-based data store and the shell interface;
- sending a data file from the web-based data store to the shell interface, the data file comprising blocks of data;
- configuring the shell interface to detect one or more manipulated blocks of data in the data file, wherein at least one or more different blocks of data in the data file are not manipulated;
- configuring the shell interface to compress the manipulated blocks of data, wherein the manipulated blocks of data are compressed at least in part block by block;
- receiving only the compressed manipulated blocks of data at the web-based data store from the shell interface, at least in part via the Internet; and
- associating the manipulated blocks of data to corresponding blocks of data at the web-based data store.

20. The '957 Patent is valid, enforceable, and was duly and legally issued on December 31, 2013, in full compliance with Title 35 of the United States Code.

21.    IDrive is the owner and the assignee of U.S. Patent No. 8,099,520 (the "'520 Patent"), entitled "System and Method for Storing and Accessing Data." IDrive has ownership of all substantial rights in the '520 Patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '520 Patent is attached as **Exhibit B**. Claim 1 is a representative example of the claims asserted in the '520 Patent.

22.    Claim 1 of the '520 Patent reads as follows:

A method of manipulating data, comprising:

- creating a shell interface configured to transmit information between a client computing device and a web-based data store, wherein the web-based data store comprises at least one database of commonly stored user data, each database containing different categories of file types;
- connecting the web-based data store to the shell interface;
- receiving a data file from the web-based data store at the shell interface, the data file comprising blocks of data;
- detecting one or more manipulated blocks of data in the data file, wherein at least one or more different blocks of data in the data file are not manipulated;
- compressing the manipulated blocks of data, wherein the manipulated blocks of data are compressed at least in part block by block;
- transmitting only the compressed manipulated blocks of data to the web-based data store, at least in part via the Internet; and
- implementing the manipulated blocks of data only to corresponding blocks of data at the web-based data store.

23.    The '520 Patent is valid, enforceable, and was duly and legally issued on January 17, 2012, in full compliance with Title 35 of the United States Code.

24.    IDrive is the owner and the assignee of U.S. Patent No. 8,224,920 (the "'920 Patent"), entitled "Method for Storing and Accessing Data using a Shell Interface." IDrive has ownership of all substantial rights in the '920 Patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '920 Patent is attached as **Exhibit C**. Claim 1 is a representative example of the claims asserted in the '920 Patent.

25.    Claim 1 of the '920 Patent reads as follows:

A method comprising:

- providing a shell interface configured to transmit information between a client computing device and a web-based data store, wherein the web-based data store comprises at least one database of commonly stored user data, each database containing different categories of files;

- allowing a connection to be established between the web-based data store and the shell interface;

- sending a data file from the web-based data store to the shell interface, the data file comprising blocks of data;

- configuring the shell interface to detect one or more manipulated blocks of data in the data file, wherein at least one or more different blocks of data in the data file are not manipulated;

- configuring the shell interface to compress the manipulated blocks of data, wherein the manipulated blocks of data are compressed at least in part block by block;

- receiving only the compressed manipulated blocks of data at the web-based data store from the shell interface, at least in part via the Internet; and

- associating the manipulated blocks of data to corresponding blocks of data at the web-based data store.

26.    The '920 Patent is valid, enforceable, and was duly and legally issued on July 17, 2012, in full compliance with Title 35 of the United States Code.

27.    The '957 Patent, '520 Patent, and '920 Patent are collectively referred to as the "Asserted Patents" or "Patents-in-Suit."

## BACKGROUND

28.    IDrive Inc. is a technology company headquartered in Calabasas, California. It was founded in 1995 as Pro Softnet Corporation and later rebranded as IDrive Inc. to reflect its focus on cloud storage and data-protection solutions.

29.    The claimed inventions of the Asserted Patents were developed by a team at IDrive who recognized that improvements were needed in cloud backup storage solutions. For example, existing cloud backup storage solutions relied on full-file uploads and downloads, even when only small portions of a file changed. Any modification—no matter how minor—often triggered retransmission of the entire file, which resulted in excessive bandwidth consumption, slow synchronization (especially for larger files), and poor software performance when operating on consumer internet connections. These shortcomings resulted in more widespread issues like server-side bottlenecks, latency for synchronization, and limited scalability, especially for enterprises seeking to store large amounts of data in the cloud. Additionally, existing cloud storage solution applications did not behave like native folders, requiring a learning curve to operate the software, and resulting in breaks from a user's normal workflow to open separate cloud applications to store their files.

30.    IDrive implemented the claimed inventions into its own cloud storage solution bearing the name IDrivesync. IDrive's solutions have won numerous accolades and received widespread acclaim from industry experts. For example, Tom's Guide, a widely recognized technology website that provides in-depth reviews of consumer electronics described IDrive as "one of the best cloud storage and best cloud backup

services we have seen for individual use."[1] Popular technology review website PCWorld delivered the following verdict: "iDrive has you covered six ways to Sunday when it comes to backup. Online, local, sync, NAS support, imaging, disaster recovery, online workspaces, snapshots, hard drive shipment… You name it, the company does it. It's not the cheapest service out there, but it's easily the most comprehensive."[2] PCWorld backed up its review by awarding IDrive the PCWorld Editor's Choice Award in 2025. *Id.* Wirecutter, the product review arm of *The New York Times*, named IDrive the best cloud backup service for home users.[3] Since 2015, another technology website and online magazine, PCMag, has awarded IDrive its Editors' Choice Award for cloud backup for eleven consecutive years, and has touted IDrive as "the best backup deal on the market," and "for most people . . . the first backup solution to consider."[4]

31.    As the many prestigious accolades, endorsements, and recognitions prove, IDrive's solutions have substantial recognition for their functionality and ease of use. This includes the claimed inventions of the Asserted Patents that are marked improvements to then-existing cloud storage service design and technology. For example, the claims recite a specific solution for selectively and efficiently synchronizing data between a client computing system and web-based data store. *See, e.g.*, '957 Patent, Claim 1; '520 Patent, Claim 1; '920 Patent, Claim 1. Further, the claimed inventions reduce the amount of time required for users to operate the synchronization application. Among other advancements to prior art systems, the

---

[1] https://www.tomsguide.com/reviews/idrive-cloud-storage-review.

[2] https://www.pcworld.com/article/407286/idrive-review-2.html.

[3] https://smallbizcrm.com/blog/product-endorsement-summary-idrive-named-best-cloud-backup-by-wirecutter/?utm_source=chatgpt.com.

[4] https://www.pcmag.com/reviews/idrive?test_uuid=04IpBmWGZleS0I0J3epvMrC&test_variant=A.

claimed technology avoids the need for users to open separate software applications or recopy and transmit all information associated with synchronized files. The Asserted Patents do not merely claim a result or the mere idea of online backup.

32.    The Asserted Patents also claim specific components, including a  "shell interface" that aids in accomplishing the asserted advancements over traditional systems. *See, e.g., id.* These innovations improve and expand the functionality and utility of cloud storage solutions. Indeed, these inventions allow the cloud storage solution to integrate more seamlessly into the user's operating system and improve bandwidth usage—which improves upon prior art systems.

33.    The innovations also improve latency and file transfers, which allows for more, larger files to be transferred by more users, which improves scalability, synchronization, and the user's experience, especially at a time where cloud storage solutions are critical for storing and backing up large volumes of data.

34.    All of these improvements to the computer system benefit diverse audiences, including individual customers and enterprise customers with thousands of accounts funneling files into one cloud storage solution.

35.    The conventional approaches relied upon full-file uploads, downloads, and retransmissions following modification, and were limited by bandwidth, internet connection, synchronization times, and latency concerns, especially in the 2012-2013 timeframe. IDrive's solution allowed for cloud storage options that could ingest large, frequently modified files with faster synchronization, better scalability, a seamless user experience, all with dramatically reduced bandwidth usage.

36.    IDrive's inventions, as claimed in the Asserted Patents, have been used in innovative cloud storage solutions, such as IDrivesync.

## MICROSOFT'S ACCUSED PRODUCTS

37.    Defendant makes, uses, offers to sell, sells, and/or imports a cloud storage solution named Microsoft OneDrive (referred to herein as "OneDrive," the "Accused

System," or the "Accused Product") that infringes claims of the Asserted Patents. That Accused System includes a variety of infringing components including: the OneDrive web-based data store built, on information and belief, on Microsoft's Azure architecture; object storage; metadata stores; versioning and snapshot services; file block storage and reconstruction logic; synchronization engines to detect and transmit modified data; coordination services that manage versioning, access, and consistency across devices; client applications for macOS, iPadOS, iOS, Android, and Windows, as well as browser-based web interfaces for browsers including, but not limited to Chrome, Edge, Safari, and Firefox, mobile applications for Android and iOS tablets and phones (collectively the "Accused Applications"); shell and file system integration; security and compliance components for encryption, malware scanning, ransomware detection, data loss prevention and compliance logging; identity, authentication, and access control for token management, access permissions, and account recognition; as well as any other components, software, or features of the Microsoft OneDrive storage solution.

## ANALYSIS OF MICROSOFT'S ACCUSED SYSTEM

38.    OneDrive is a personal file sharing and cloud storage solution that provides a web-based data store that can store a variety of different files on the web, including PDFs, MP4s, MP3s, and JPEGs. These files can be accessed on a variety of different devices. OneDrive provides for synchronization of files between the user's device and the web-based data store. OneDrive has databases that store different types of commonly stored data, including Xbox data (such as game captures), as well as computer application data and settings.

*See, e.g.*, https://www.microsoft.com/en-us/microsoft-365/onedrive/online-cloud-storage#tabs-pill-bar-ocb9d4_tab1

39.    OneDrive provides a shell interface for transmitting data between the client computing device and the OneDrive cloud storage databases. For example, the shell interface may include the OneDrive applications that are compatible with a variety of devices, the OneDrive operating system specific applications available on the iOS App Store and Android stores, and the OneDrive software that interfaces with the OneDrive cloud storage databases to deliver to the user the desired functionality and maintain the system.



*See, e.g.,* https://support.microsoft.com/en-us/office/sync-files-with-onedrive-on-macos-d11b9f29-00bb-4172-be39-997da46f913f

40.    OneDrive configures the shell interface to resemble a folder/file interface such that the shell interface is displayed as a local folder and file system on the operating system of the client's computing device. For example, on Windows devices, after setup, a OneDrive folder appears like a local folder and file system in the "File Explorer" application on clients' Windows computers. The OneDrive folder acts and interfaces like other folders in File Explorer on the client's computing device.

1
2
3
4
5
6
7
8
9
10
11



12  *See,    e.g.,*    https://support.microsoft.com/en-us/office/sync-files-with-onedrive-in-
13  windows-615391c4-2bd3-4aae-a42a-858262e42a49

14  41.    OneDrive allows a connection to be established between its cloud storage

15  databases and the shell interface that appears on the user's computing devices. For

16  example, OneDrive establishes a connection between its cloud storage databases and

17  the user's OneDrive folder on the user's devices. This allows the user to connect to

18  access the files from anywhere, such as the user's computer, mobile device, and even

19  through the OneDrive website. Additionally, the OneDrive cloud connects to the user's

20  OneDrive folder to track and sync changes in files, allowing a user to add, change, or

21  delete files in their OneDrive folder on their computing device, and have that change be

22  reflected on the web-based data store, which is also then reflected on other devices that

23  the user may have linked to OneDrive. The OneDrive cloud storage database sends data

24  files to the OneDrive folder or application on the user's computing device for the user

25  to retrieve and access. The data files comprise blocks of data.

26
27
28

1

2

3

4

5

With OneDrive, you can sync files between your computer and the cloud, so you can get to your files from anywhere - your computer, your mobile device, and even through the OneDrive website at OneDrive.com. If you add, change, or delete a file or folder in your OneDrive folder, the file or folder is added, changed, or deleted on the OneDrive website and vice versa. You can work with your synced files directly in File Explorer and access your files even when you're offline. Whenever you're online, any changes that you or others make will sync automatically.

6

7

*See, e.g.*, https://support.microsoft.com/en-us/office/sync-files-with-onedrive-in-windows-615391c4-2bd3-4aae-a42a-858262e42a49

8

9   42.   OneDrive uses differential synchronization to synchronize only the parts of a

10  file that were changed or manipulated. Those changed blocks are compressed at least in

11  part, block by block through, for example, and not limited to, Remote Differential

12  Compression. OneDrive's cloud storage databases receive only the compressed

13  manipulated blocks of data from the shell interface via, at least in part, the Internet.

14  OneDrive associates the manipulated file's manipulated blocks of data to the

15  corresponding unmanipulated blocks of data for that file already in OneDrive's storage

16  to then modify the original files in the storage to reflect any manipulations to the files.

17  *See, e.g.*, https://www.mrsharepoint.com/how-does-onedrive-sync-work/

18

19

20

21

22

23

24

**How Differential Sync Saves Bandwidth**

One of the most powerful features of the OneDrive sync is its use of differential sync, also known as **block-level syncing**.

When you edit an existing file, OneDrive is smart enough to **identify only the specific *parts*** or "blocks" of the file that have changed.

It then syncs only those small blocks, rather than re-uploading the entire file.

This process dramatically reduces bandwidth usage and speeds up the synchronization of large documents.

25

26

27

28

**COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 8,620,957**

43.     The allegations set forth in the foregoing paragraphs 1 through 43 are hereby realleged and incorporated herein by reference.

44.     In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '957 Patent by making, using, offering for sale, selling, and/or importing the Accused System in the United States, including within this Judicial District, that infringes at least Claim 1 of the '957 Patent without the authority of IDrive. Similarly, Microsoft infringes the '957 Patent by performing each and every step of the claimed methods.

45.     For example, Defendant has directly infringed and continues to directly infringe at least Claim 1 of the '957 Patent under 35 U.S.C. § 271(a) by using the Accused System in the United States and performing each step of the claimed method. For example, Defendant performs each step through use of the Accused System, including through installation and normal operation of the OneDrive system. Defendant also directly infringes through testing, developer testing, and Defendant employee testing in the United States. *See, e.g.*, https://learn.microsoft.com/en-us/onedrive/developer/?view=odsp-graph-online (educating partners, affiliates, and customers on the OneDrive & SharePoint developer platform that "provides the APIs, components, and tools to access files and content across Microsoft 365." "The OneDrive & SharePoint (ODSP) developer platform allows your solution to use common patterns to access files across the Microsoft 365 ecosystem enabling solutions for consumer and enterprise customers.").

46.     In violation of 35 U.S.C. § 271(b), and following service of this Complaint, Defendant induces its customers and/or end users to infringe, both literally and/or under the doctrine of equivalents, at least Claim 15 of the '957 Patent by providing the Accused System along with instructions via its website(s), product manuals, user manuals, product support, or through other documents that induce its customers and/or

end users to directly infringe the '957 Patent and by using the Accused System in the United States, including within this Judicial District. *See, e.g.*, https://learn.microsoft.com/en-us/sharepoint/introduction; https://learn.microsoft.com/en-us/sharepoint/onedrive-overview; https://support.microsoft.com/en-us/onedrive).

47.    In violation of 35 U.S.C. § 271(c), and following service of this Complaint, Defendant actively contributes to the direct infringement of the '957 Patent by making, using, offering for sale, selling, and/or importing components (including, but not limited to, the Accused Applications and accused OneDrive cloud storage infrastructure), into the United States, including within this Judicial District, that infringe at least Claim 15 of the '957 Patent, without the authority of IDrive. These components have no substantial non-infringing use and are especially made or especially adapted for use in a direct infringement of the '957 Patent.

48.    The Accused System is especially made and/or especially adapted for use with the claimed invention of at least Claim 15 of the '957 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

49.    The Accused Applications are especially made and/or especially adapted for use with the claimed invention of at least Claim 15 of the '957 Patent, and are not staple articles or commodities of commerce suitable for a substantial non-infringing use. For example, the OneDrive System cannot be used without first installing the Accused Applications.

1

2

3

4

5

6

7



8  *See, e.g.*, https://support.microsoft.com/en-us/office/download-onedrive-579d71c9-

9  fbdd-4d6a-80ba-d0fac3920aac#id0ebh=windows.

10     50.    Any non-infringing uses of the Accused System in combination with the

11  Accused Applications would be unusual, far-fetched, illusory, impractical, occasional,

12  aberrant, or experimental.

13     51.    Defendant has had knowledge of the '957 Patent and its infringement since at

14  least the date of this Complaint.

15     52.    Because of Defendant's infringing activities, IDrive has suffered damages and

16  will continue to suffer damages in the future.

17     **<u>COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 8,099,520</u>**

18     53.    The allegations set forth in the foregoing paragraphs 1 through 53 are hereby

19  realleged and incorporated herein by reference.

20     54.    In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and

21  continues to directly infringe, both literally and/or under the doctrine of equivalents, the

22  '520 Patent by making, using, offering for sale, selling, and/or importing the Accused

23  System in the United States, including within this Judicial District, that infringe at least

24  Claim 1 of the '520 Patent without the authority of IDrive. Similarly, Microsoft

25  infringes the '520 Patent by performing each and every step of the claimed method.

26     55.    For example, Defendant directly infringed and continues to directly infringe at

27  least Claim 1 of the '520 Patent under 35 U.S.C. § 271(a) by using and making the

28

Accused System in the United States. For example, Defendant's testing of the Accused System through developer updates, developer testing, and Defendant employee testing in the United States also constitutes direct infringement of the '520 Patent. On information and belief, Defendant conducted testing, validation, and pilot deployments of the Accused System at facilities in the United States, including by operating the Accused System to perform its intended functions. During this testing, the Accused System embodied and practiced each limitation of at least Claim 1 of the '520 Patent. Defendant's testing involved running the Accused System in real-world conditions, executing the claimed methods end-to-end, and evaluating performance in furtherance of commercial deployment and continued commercial use through updates, troubleshooting, and periodic patching. During this U.S.-based testing, Defendant performed and/or directed and controlled the performance of each step of the claimed methods, including by instructing test participants, alpha and beta testers, partners, customers, and/or affiliates on how to operate the Accused System and integrate their own networks and software with the Accused System, as well as configuring the Accused System to carry out the claimed functionality. *See, e.g.,* https://learn.microsoft.com/en-us/onedrive/developer/?view=odsp-graph-online (educating partners, affiliates, and customers on the OneDrive & SharePoint developer platform that "provides the APIs, components, and tools to access files and content across Microsoft 365." "The OneDrive & SharePoint (ODSP) developer platform allows your solution to use common patterns to access files across the Microsoft 365 ecosystem enabling solutions for consumer and enterprise customers.").

56.    In violation of 35 U.S.C. § 271(b), and following service of this Complaint, Defendant induces its customers, and/or end users to infringe, both literally and/or under the doctrine of equivalents, at least Claim 1 of the '520 Patent by providing instructions via its website(s), product manuals, user manuals, product support, or through other documents that induce its customers and/or end users to directly infringe

the '520 Patent and by making, using, offering for sale, selling, and/or importing infringing products in the United States, including within this Judicial District, that infringe at least Claim 1 of the '520 Patent without the authority of IDrive. *See, e.g.*, https://learn.microsoft.com/en-us/sharepoint/introduction; https://learn.microsoft.com/en-us/sharepoint/onedrive-overview; https://support.microsoft.com/en-us/onedrive).

57.    In violation of 35 U.S.C. § 271(c), and following service of this Complaint, Defendant actively contributes to direct infringement of the '520 Patent by its customers and end users, by making, using, offering for sale, selling, and/or importing components (including, but not limited to the Accused Applications and the accused OneDrive cloud storage infrastructure), into the United States, including within this Judicial District, that are used to infringe at least Claim 1 of the '520 Patent, without the authority of IDrive. These components have no substantial non-infringing use and are especially made or especially adapted for use in a direct infringement of the '520 Patent.

58.    The Accused System is especially made and/or especially adapted for use with the claimed invention of at least Claim 1 of the '520 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

59.    The Accused Applications are especially made and/or especially adapted for use with the claimed invention of at least Claim 1 of the '520 Patent, and are not a staple article or commodities of commerce suitable for a substantial non-infringing use. For example, the OneDrive System cannot be used without first installing the Accused Applications.

*See, e.g.,* https://support.microsoft.com/en-us/office/download-onedrive-579d71c9-fbdd-4d6a-80ba-d0fac3920aac#id0ebh=windows.

60.    Any non-infringing uses of the Accused System in combination with the Accused Applications would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.

61.    Defendant has had knowledge of the '520 Patent and its infringement since at least the date of this Complaint.

62.    Because of Defendant's infringing activities, IDrive has suffered damages and will continue to suffer damages in the future.

## COUNT 3: INFRINGEMENT OF U.S. PATENT NO. 8,224,920

63.    The allegations set forth in the foregoing paragraphs 1 through 63 are hereby realleged and incorporated herein by reference.

64.    In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '920 Patent by making, using, offering for sale, selling, and/or importing the Accused System in the United States, including within this Judicial District, that infringe at least Claim 1 of the '920 Patent without the authority of IDrive. Similarly, Microsoft infringes the '920 Patent by performing each and every step of the claimed method.

65.    For example, Defendant directly infringed and continues to directly infringe at least Claim 1 of the '920 Patent under 35 U.S.C. § 271(a) by using the Accused System in the United States. For example, Defendant performs each step of Claim 1 through use of the Accused System, including installation and normal operation of the OneDrive System. Additionally, Defendant infringes through its testing operations, developer testing, and Defendant employee testing in the United States. *See, e.g.,* https://learn.microsoft.com/en-us/onedrive/developer/?view=odsp-graph-online (educating partners, affiliates, and customers on the OneDrive & SharePoint developer platform that "provides the APIs, components, and tools to access files and content across Microsoft 365." "The OneDrive & SharePoint (ODSP) developer platform allows your solution to use common patterns to access files across the Microsoft 365 ecosystem enabling solutions for consumer and enterprise customers.").

66.    In violation of 35 U.S.C. § 271(b), and following service of this Complaint, Defendant induces its customers, and/or end users to infringe at least Claim 15 of the '920 Patent by providing instructions via its website(s), product manuals, user manuals, product support, or through other documents that induce its customers and/or end users to directly infringe the '920 Patent and by using the Accused Systems in the United States, including within this Judicial District, that infringe at least Claim 1 of the '920 Patent without the authority of IDrive. *See, e.g.,*

https://learn.microsoft.com/en-us/sharepoint/introduction;

https://learn.microsoft.com/en-us/sharepoint/onedrive-overview;

https://support.microsoft.com/en-us/onedrive).

67.    In violation of 35 U.S.C. § 271(c), and following service of this Complaint, Defendant actively contributes to direct infringement of the '920 Patent by making, using, offering for sale, selling, and/or importing components (including, but not limited to the Accused Applications and the accused OneDrive cloud storage infrastructure), into the United States, including within this Judicial District, that infringe at least Claim

15 of the '920 Patent, when used by customers and end users. These components have no substantial non-infringing use and are especially made or especially adapted for use in a direct infringement of the '920 Patent.

68.    The Accused System is especially made and/or especially adapted for use with the claimed invention of at least Claim 15 of the '920 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

69.    The Accused Applications are especially made and/or especially adapted for use with the claimed invention of at least Claim 15 of the '920 Patent, and are not staple articles or commodities of commerce suitable for a substantial non-infringing use. For example, the OneDrive System cannot be used without first installing the Accused Applications.



*See, e.g.,* https://support.microsoft.com/en-us/office/download-onedrive-579d71c9-fbdd-4d6a-80ba-d0fac3920aac#id0ebh=windows.

70.    Any non-infringing uses of the Accused System in combination with the Accused Applications would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.

71.    Defendant has had knowledge of the '920 Patent and its infringement since at least the date of this Complaint.

72.    Because of Defendant's infringing activities, IDrive has suffered damages and will continue to suffer damages in the future.

**PRAYER FOR RELIEF**

WHEREFORE, IDrive respectfully requests that this Court enter judgment in IDrive's favor and against Defendant as follows:

1. That Defendant has directly and indirectly infringed at least one claim from each of the Asserted Patents;

2. An award of damages to be paid by Defendant adequate to compensate IDrive for Defendant's infringement of the Asserted Patents and in no event less than a reasonable royalty together with prejudgment and post-judgment interest and costs;

3. An award of treble damages in accordance with 35 U.S.C. § 284;

4. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of IDrive's reasonable attorneys' fees; and

5. Any other relief at law or in equity as the Court deems just and proper.

Dated:  February 13, 2026

CALL & JENSEN
A Professional Corporation
Aaron L. Renfro
L. Lisa Sandoval


By:  */s/ L. Lisa Sandoval*
L. Lisa Sandoval

COLE SCHOTZ P.C.
(*pro hac vice* application to be submitted)
Vishal H. Patel
Rajkumar Vinnakota
Arjun Nair

COLE SCHOTZ P.C.
(*pro hac vice* application to be submitted)
Jeffrey M. Saltman
William E. Zapf

Attorneys for Plaintiff IDRIVE INC

1

**DEMAND FOR JURY TRIAL**

2          Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38

3    and the Seventh Amendment of the U.S. Constitution.

4

5    Dated:  February 13, 2026                    CALL & JENSEN
                                                   A Professional Corporation
6                                                  Aaron L. Renfro
                                                   L. Lisa Sandoval
7

8                                                  By:   _/s/ L. Lisa Sandoval_____
                                                        L. Lisa Sandoval
9

10                                                 COLE SCHOTZ P.C.
                                                   (*pro hac vice* application to be submitted)
11                                                 Vishal H. Patel
                                                   Rajkumar Vinnakota
12                                                 Arjun Nair

13                                                 COLE SCHOTZ P.C.
                                                   (*pro hac vice* application to be submitted)
14                                                 Jeffrey M. Saltman
                                                   William E. Zapf
15

16                                                 Attorneys for Plaintiff IDRIVE INC

17

18

19

20

21

22

23

24

25

26

27

28